UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDY HUBBELL-CANAMUCIO,

    Plaintiff,

v.                                                Case No:  2:15-cv-21-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Wendy Hubbell-Canamucio, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    I.    **Social Security Act Eligibility, Standard of Review, Procedural History, Factual Background and the ALJ's Decision**

        **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for a period of disability and DIB on December 3, 2010, alleging an onset date of October 15, 2009. (Tr. 65, 132). Plaintiff's application was denied initially on April 20, 2011, and upon reconsideration on June 20, 2011. (Tr. 75, 84). A hearing was held before Administrative Law Judge Ronald S. Robins (the "ALJ") on April 12, 2013. (Tr. 37-64). The ALJ thereafter entered a decision finding Plaintiff not disabled on May 21, 2013. (Tr. 16, 30). The Appeals Council denied Plaintiff's request for review on November 21, 2014. (Tr. 1). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on January 15, 2015. The parties having filed memoranda of law in support of their positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 15, 2009, her alleged onset date. (Tr. 21). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, status post fusion at L4-L5 with continued low back pain and left lumbar radiculopathy, fibromyalgia, migraines, degenerative disc disease of the cervical spine, carpal tunnel syndrome, left hip pain, and insomnia. (Tr. 21). At step three, the ALJ found that Plaintiff

did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently lift 10 pounds and occasionally lift 20 pounds. The claimant must be able to sit for 10 minutes for every hour of standing and walking. The claimant has occasional postural limitations in climbing ramps, stairs, ladders, ropes and scaffolds, balancing, kneeling, stooping, crouching, and crawling. The claimant has a mild limitation in regard to activities of daily living, mild limitation with regard to social functioning, and mild limitation with regard to maintaining concentration, persistence, and pace. Occasionally is defined as up to 1/3 of the time in an 8-hour workday. Frequently is 1/3 to 2/3 of the time in an 8-hour workday. Mild is defined as a slight limitation but the individual can generally function well.

(Tr. 24). At step four, the ALJ found that Plaintiff is incapable of performing her past relevant work as a cake decorator, waitress, or administrative assistant. (Tr. 28).

At step five, the ALJ relied on the testimony of a vocational expert and found that Plaintiff is capable of performing the occupations of photo finishing hand mounter and jewelry production preparer. (Tr. 29). The ALJ concluded that Plaintiff had not been under a disability from October 15, 2009, through the date of the ALJ's decision, May 21, 2013. (Tr. 29).

**II.     Analysis**

Plaintiff raises four issues on appeal: (1) whether the ALJ erred by rejecting the opinion of Dr. Rubino, Plaintiff's treating physician; (2) whether the ALJ erred by failing to consider and weigh Dr. Rubino's February 2011 opinion; (3) whether the ALJ erred by failing to explain the effect of Plaintiff's migraine headaches on her RFC despite finding them to be a severe impairment; and (4) whether the ALJ erred by relying on the testimony of the vocational expert testimony at step five. The Court begins with ALJ's treatment of the opinions of Dr. Rubino.

Plaintiff argues that the ALJ did not have good cause to reject the opinion of Plaintiff's treating physician, Mark Rubino, M.D., who limited Plaintiff to less than sedentary work. (Doc. 22 p. 8). Plaintiff contends that the two reasons the ALJ provided for rejecting Dr. Rubino's opinion, i.e., that Dr. Rubino's opinion is not supported by the objective medical evidence of record and that his opinions are inconsistent with his own treatment notes, do not provide "good cause" for rejecting his opinions. (Doc. 22 p. 8).

In response, Defendant argues that the ALJ properly noted that Dr. Rubino's opinion was inconsistent with his own treating records and that other objective medical evidence in the record does not support Dr. Rubino's opinion of disabling limitations. (Doc. 23 p. 6-7).

The record reflects that Plaintiff has been primarily treated for her medical problems by Dr. Rubino. (Tr. 462-522, 329-355). The record contains treatment records from Dr. Rubino from 2010 until 2013, although Dr. Rubino has been treating the Plaintiff during a period of nearly eleven years (Tr. 56-57, 154, 462-522, 329-355). Dr. Rubino's treatment notes indicate that the Plaintiff suffers from persistent stiffness occurring after prolonged standing and radicular left leg pain; suffers from migraine headaches and has four migraine days per week; suffers from constipation, urinary frequency, joint stiffness, diffuse stiffness in hands, headaches, memory loss and tremor in legs, easy bruising, hair loss, anxiety, depression, personality change, difficulty concentrating, and insomnia. (see e.g., Tr. 462).

On February 24, 2011, Dr. Rubino completed a questionnaire sent to him by the state agency. (Tr. 365-367). Dr. Rubino stated that he diagnosed the Plaintiff with chronic pain in the lumbar spine, hip, joint diffuse pain, generalized anxiety disorder, carpal tunnel syndrome, migraine, and lumbar radiculopathy. (Tr. 366). Dr. Rubino opined that the Plaintiff is unable to work eight hours per day, five days per week due to stress induced migraines, which can be

debilitating and due to inability to stand for more than 30 minutes because of gluteal tendonitis. (Tr. 367).

On August 30, 2011, Dr. Rubino completed a medical source statement limiting the Plaintiff to less than sedentary work and noting several additional limitations. (Tr. 418-419). On March 5, 2013, Dr. Rubino completed another medical source statement, once again limiting the Plaintiff to less than sedentary work and noting several non-exertional limitations. (Tr. 454-455).

In his decision, the ALJ analyzed Dr. Rubino's opinions as follows:

> The undersigned has considered the residual functional capacity assessment forms submitted by Dr. Mark Rubino and accords the opinion with little weight as the opinion is inconsistent with and unsupported by the medical evidence of record. Dr. Rubino indicates that the claimant is capable of only less than sedentary work, however this opinion is unsupported by the objective medical evidence including CTs, MRIs and physical examinations found within the record. Furthermore, the opinion is inconsistent with Dr. Rubino's own assessments within his own treating records as described below. (Ex. 8F, 17F, 19F).
>
> However, the undersigned does accept the following restrictions as set out in various treatment records from Dr. Rubino: claimant is restricted to lifting and carrying a maximum of 20 pounds, may frequently carry 10 pounds, and must be able to sit for 10 minutes every hour of standing or walking (Ex. 7F/3, 6, 10, 14, 18, 23, 27 and 19F/18, 25, 29, 74). The opinion is accepted as it is consistent with the course of treatment and is most supported by the medical evidence as a whole including the MRIs and physical examinations.

(Tr. 27-28).

"Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability." *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the (1) treating physician's opinion was not bolstered by the evidence; (2) evidence

supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* at 1241. An ALJ may decline to give controlling weight to a treating source's opinion when it is not supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2). The ALJ's good cause finding must be clearly articulated. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Phillips*, 357 F.3d at 1240-41).

In this case, the Court finds that the ALJ failed to sufficiently articulate good cause for rejecting the opinions of Dr. Rubino. First, although the ALJ stated that Dr. Rubino's opinion was unsupported by the objective medical evidence of record, the ALJ failed to specify factual support for his conclusion. Conclusory statements by an ALJ that an opinion is inconsistent or not bolstered by the medical record are insufficient to constitute good cause for rejecting a treating physician's opinion unless the ALJ articulates factual support for such a conclusion. *See Kahle v. Comm'r of Soc. Sec.*, 845 F.Supp.2d 1262, 1272 (M.D. Fla. 2012). Because the ALJ failed to cite to specific factual support, the Court is left in a situation where it must reweigh the evidence of record, something that the Court will not do. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

As to the ALJ's claim that Dr. Rubino's opinion was inconsistent with his treating notes, the ALJ did make specific reference to the record, citing to the times Dr. Rubino indicated that Plaintiff is capable of performing light work. (Tr. 27). While these treatment notes seem to support the ALJ's finding, the peculiarities of these notes undermine the ALJ's reliance upon them as a good cause for rejecting Dr. Rubino's opinion. There are several indications that Dr. Rubino's treatment notes indicating Plaintiff can perform light work is merely boilerplate language that was transferred from one treatment note to the next and does not reflect Dr. Rubino's actual opinion.

The language in Dr. Rubino's treatment notes to which the ALJ refers, i.e., "LIGHT WORK. Maximum 20 lbs or less lift/carry. May frequently carry 10 lbs. Must be able to sit for 10 minutes every hour of standing or walking," appears verbatim in each visit note for three years between March 2010 and February 2010, just as many of the other descriptions in Plaintiff's treatment notes remain exactly the same.

Notably, while Plaintiff's treatment notes from Dr. Rubino on August 29, 2011, contained the boiler plate language listed above, Dr. Rubino opined in a Medical Source Statement dated a day later, on August 30, 2011, that Plaintiff is only capable of performing sedentary work. (Tr. 418, 509). The Medical Source Statement was filled out and signed by Dr. Rubino's own hand. Where there is such an obvious difference of a single doctor's opinion, from day to day, the Court is inclined to give greater weight to the opinion expressed by the doctor in his own hand, rather than in a printed form containing what appears to be boilerplate language. It seems probable that Dr. Rubino's indications that Plaintiff can perform "light work" was due to poor record keeping, rather than reflecting Dr. Rubino's actual opinion. Thus, it cannot constitute substantial evidence undermining his actual opinion. The Court finds that remand is proper for the ALJ to reevaluate Dr. Rubino's medical opinions, including Dr. Rubino's opinion dated February 24, 2011, in light of this Opinion and Order and to conduct proceedings as necessary.

As the ALJ's reevaluation of Dr. Rubino's opinions may alter the ALJ's RFC finding, the Court will defer from addressing the remaining issues raised by Plaintiff at this time.

### III.    Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 14, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties